**James L. HOUSTON, Petitioner–Appellant,**

v.

**R.L. CASTRO, Warden, et al., Respondent–Appellee.**

No. 04–16687.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 21, 2005.

Decided Jan. 3, 2006.

David E. Weiss, Esq., for Petitioner–Appellant.

* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Juliet B. Haley, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Mitchell Lowe, Esq., Morgan Lewis & Bockius, LLP, San Francisco, CA.

Before: THOMAS and W. FLETCHER, Circuit Judges, and MAHAN,* District Judge.

MEMORANDUM **

James L. Houston appeals the district court's denial of his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). The district judge denied Houston's Rule 60(b) motion, finding both that the motion was really a successive petition and that the motion failed on its merits. We affirm.

On August 6, 1997, Houston was convicted of second degree murder by a California jury and sentenced to 18 years to life in prison. Houston filed a timely appeal of his conviction to the California Court of Appeal along with a request for post conviction relief. The California Court of Appeal consolidated Houston's direct appeal and his habeas petition. On November 16, 2000, both appeal and request for post conviction relief were denied by the court of appeal. In order to exhaust his state remedies, Houston filed a timely petition for review to the California Supreme Court. On February 28, 2001, the California Supreme Court denied review of his petition. His conviction became final ninety (90) days thereafter, on May 29, 2001,

when the time for seeking a petition for writ of *certiorari* expired.

Houston waited almost 18 months before submitting his petition for writ of habeas corpus to the court below, pursuant to 28 U.S.C. § 2254, on October 4, 2002. The Northern District of California stamped the petition "filed" on November 5, 2002. On December 23, 2002, the district judge entered an order notifying Houston that his petition might be untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year limitation period. Additionally, the court directed the respondent, R.L. Castro, either to (1) move to dismiss Houston's petition on the ground that it was untimely, or (2) inform the court that a motion to dismiss was unwarranted in the case.

On January 15, 2003, Castro filed a motion to dismiss Houston's petition as untimely. Houston did not file an opposition. On May 8, 2003, the district judge granted the motion to dismiss, finding that Houston was not entitled to equitable tolling of AEDPA's one-year limitation period. The district judge explained that although Houston had claimed equitable tolling in his petition based on an actual innocence claim, he had presented no new evidence in support of his claim. The court found that Houston's argument was based on the same evidence that the trial court had considered, which was not sufficient to enable Houston to pass through the actual innocence gateway. Houston did not appeal the court's judgment of dismissal.

On May 5, 2004, almost one year after judgment was entered, Houston filed a Rule 60(b) motion to vacate the court's order dismissing his habeas petition. In his motion, Houston claimed: (1) as a *pro se* litigant, he didn't know he could appeal the district court's judgment of dismissal; (2) the court should have identified the deficiencies in the petition and given him an opportunity to amend; and (3) the court converted the motion to dismiss into a motion for summary judgment without notifying him or giving him the chance to file opposing declarations. On May 25, 2004, Castro filed an opposition to Houston's motion to vacate judgment. Houston filed a reply on June 16, 2004.

On June 20, 2004, the district judge denied Houston's motion to vacate judgment, finding that the motion lacked merit under Rule 60(b). The court determined that it was not required to identify deficiencies in the petition and give Houston an opportunity to amend, nor did it convert the motion to dismiss into a motion for summary judgment.

We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *See Thompson v. Calderon,* 151 F.3d 918, 920 (9th Cir.1998). "An abuse of discretion is 'a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found.'" *Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.,* 422 F.3d 782, 798 (9th Cir.2005)(quoting *Wing v. Asarco, Inc.,* 114 F.3d 986, 988 (9th Cir.1997)).

In his appeal, Houston asserts excusable neglect as a ground for relief from the court's judgment. However, in his Rule 60(b) motion, Houston claimed only extraordinary circumstances and failed to argue excusable neglect. Issues not raised in the district court are waived for appeal, *United States v. One 1978 Piper Cherokee Aircraft,* 91 F.3d 1204, 1209 (9th Cir.1996), and a review of the denial of a Rule 60(b) motion is limited to the grounds raised in the motion. *See Cel–A–Pak v. Cal. Agric. Labor Relations Bd.,* 680 F.2d 664, 668 (9th Cir.1982); *Lynch v. Blodgett,* 999 F.2d 401, 403 (9th Cir.1993).

Upon review of proceedings in the lower court, we find no abuse of discretion and affirm the district judge's judgment on the merits.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.