# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2929

_____

Tony D. Garrett,

    Appellant,

v.

United States of America,

    Appellee.

Appeal from the United States
District Court for the
Western District of Missouri.

[PUBLISHED]

_____

Submitted: April 13, 2000
Filed: May 1, 2000

_____

Before BOWMAN, MAGILL, and HANSEN, Circuit Judges.

_____

PER CURIAM.

After the district court[1] denied Tony D. Garrett's 28 U.S.C. § 2255 motion, it granted Garrett a certificate of appealability as to one of the issues raised in his motion. Garrett appeals the district court's denial of his § 2255 motion and asks this court to grant him a certificate of appealability as to his remaining claims. We affirm the denial of his § 2255 motion and decline to grant him a certificate of appealability.

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

Garrett is serving two concurrent 168-month (14-year) sentences arising out of his conviction by a jury for conspiracy to possess with intent to distribute and distribution of cocaine base in violation of 21 U.S.C. § 846 and aiding and abetting the possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Garrett contends on appeal that (1) he was denied due process by the district court's refusal to grant a severance at trial; (2) the government's promise of leniency in exchange for testimony from a criminal trial witness violated 18 U.S.C. § 201(c)(2) (the Singleton[2] issue); and (3) the enhanced sentence he received for distribution of crack cocaine was invalid because the government failed to prove that the drug was crack cocaine. The district court granted a certificate of appealability only on the third point. Garrett asks this court to issue a certificate of appealability on the first two points as well.

We review the district court's findings as to the identity of the drug for clear error and will reverse "only if we are left with a definite and firm conviction that a mistake has been made." United States v. Brown, 156 F.3d 813, 816 (8th Cir. 1998). The district court relied on the testimony of Ross Henry that Garrett purchased both cocaine powder and crack cocaine from Henry. Garrett argues that the district court should not have relied on Henry's testimony because there was no evidence demonstrating that Henry appreciated the difference between crack cocaine and powder cocaine. We disagree. The testimony showed that Henry had been selling both hard, crack cocaine and soft, powder cocaine to Garrett for up to six months prior to Garrett's arrest. (Appellant's App. at 247.) This court has previously noted that those who regularly sell crack cocaine are among the most knowledgeable experts on crack cocaine and that its distinctive appearance and form makes it easy to recognize. See Brown, 156 F.3d at 816. In this case, the district court did not clearly err in relying on the testimony of Henry to support the sentence received by Garrett.

---

[2]See United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998), rev'd en banc, 165 F.3d 1297 (10th Cir. 1999).

We now turn to Garrett's request for a certificate of appealability.  Garrett must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability on the remaining two issues.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).  "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."  Id.  The severance issue was not asserted before the district court below as one of the five grounds for § 2255 relief, and the district court did not address it; accordingly, neither will we.  The Singleton issue has been clearly foreclosed by this court in United States v. Johnson, 169 F.3d 1092, 1098 (8th Cir. 1999).  We conclude that Garrett has failed to make the required showing justifying any further consideration on either point, and therefore, we decline to issue a certificate of appealability on the remaining points.

Consequently, we affirm the district court's denial of Garrett's § 2255 motion and deny his request for a certificate of appealability.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

3