# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1848

_____

| | | |
|---|---|---|
| Willie E. Boyd, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| United States of America, | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: July 9, 2002
Filed: September 25, 2002

_____

Before BOWMAN, BEAM, and BYE, Circuit Judges.

_____

PER CURIAM.

Willie Boyd's petition for panel rehearing having been granted, we return the matter to the District Court with directions to file and then dismiss Mr. Boyd's motion under Rule 60(b)(6) of the Federal Rules of Civil Procedure because it is, on its face, a second or successive 28 U.S.C. § 2255 petition, see Mathenia v. Delo, 99 F.3d 1476, 1480 (8th Cir. 1996), cert. denied, Mathenia v. Bowersox, 521 U.S. 1123 (1997), that we have not previously authorized and do not now authorize, our authorization being a prerequisite under 28 U.S.C. § 2244(b)(3) (2000) to the filing of a second or successive habeas petition.

In order to establish a uniform procedure throughout the Circuit, we encourage district courts, in dealing with purported Rule 60(b) motions following the dismissal of habeas petitions, to employ a procedure whereby the district court files the purported Rule 60(b) motion and then conducts a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254. If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals. Depending on which course of action the district court chooses, the petitioner may either appeal the dismissal of the purported Rule 60(b) motion or, if the district court has elected to transfer the purported 60(b) motion to the Court of Appeals, await the action of the Court of Appeals.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.