# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3800WM

_____

| | | |
|---|---|---|
| William R. Jones, | * | |
| | * | |
| Appellant, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Western District |
| | * | of Missouri. |
| | * | |
| Don Roper,[1] Superintendent, | * | [To Be Published] |
| Potosi Correctional Center, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  November 18, 2002
Filed:  November 18, 2002

_____

Before BYE, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

PER CURIAM.

_____

[1]The original appellee in this case was Paul Delo, who was at that time Superintendent of the Potosi Correctional Center.  Mr. Delo was succeeded by Al Luebbers, who has now been succeeded by Don Roper.  Mr. Roper is therefore substituted as party appellee pursuant to Fed. R. App. P. 43(c)(2).

Petitioner moved under Fed. R. Civ. P. 60(b) to vacate the previous judgment of the District Court, adverse to his petition for habeas corpus. The District Court[2] has denied this motion, and petitioner has appealed to this Court. Because the District Court granted a certificate of appealability as to all issues raised in petitioner's motion, the appeal is now before us on its merits. We assume for present purposes that petitioner can surmount any procedural difficulties — for example, whether his motion ought to be treated as a second or successive petition.

Petitioner presents no new claims. Instead, he argues that "[s]ubsequent legal developments," decisions in two cases that we will shortly discuss, establish that this Court was in error when, on the initial appeal, we denied relief on petitioner's ineffective-assistance-of-counsel claim. In these cases, petitioner asserts, legal claims identical to the one he urged were upheld. It is therefore fundamentally unfair for petitioner to be executed, we are told, when similarly situated litigants have been granted relief.

We respectfully disagree with this argument, for the following reasons:

1.     The first "subsequent" or "intervening" legal development on which petitioner relies is the opinion of the Supreme Court in Williams v. Taylor, 529 U.S. 362 (2000). This opinion is neither "subsequent" nor "intervening." Williams was decided on April 18, 2000, more than a year before our opinion on the first appeal, Jones v. Delo, 258 F.3d 893 (8th Cir. 2001), cert. denied, 122 S. Ct. 1936 (2002), was decided. Williams was on the books at the time of the first Jones decision. Indeed, petitioner cited Williams in his petition for rehearing and petition for rehearing en banc in this Court, and in his petition for certiorari in the Supreme Court, both of which petitions were denied.

_____

[2]The Hon. Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

-2-

2.     In any event, we do not read <u>Williams</u> as inconsistent with our previous opinion in this case.  The claim asserted by Williams was "identical" to that asserted by Jones only in the abstract.  That is, both Williams and Jones argued that their trial counsel were ineffective in the constitutional sense because of the failure to introduce certain mitigating evidence.  Some of the evidence in question in <u>Williams</u> is similar to some of the evidence in <u>Jones</u>.  Williams, for example, argued that his lawyer had not introduced evidence that he had been abused by his father, and that he suffered from a mental defect.  But there are also important differences in the evidence that counsel in the two cases failed to adduce.  Williams was sentenced to death because the jury found it probable that he would be dangerous in the future (this being an aggravating circumstance under Virginia law).  Yet, Williams's lawyer did not introduce testimony from correctional officers who were willing to testify that the defendant would not pose a danger while incarcerated.  Nor did counsel offer prison commendations awarded to Williams for his help in breaking up a prison drug ring and for returning a guard's missing wallet.  See <u>Williams</u>, 529 U.S. at 373 n.4.  In addition,

> The habeas hearing also revealed that the same experts who had testified on the state's behalf at trial believed that Williams, if kept in a "structured environment," would not pose a future danger to society.

529 U.S. at 370-71.  No issue of this kind was present in Jones's case.

It is appropriate to observe at this point that a court's judgment as to whether counsel has rendered constitutionally ineffective assistance is necessarily a particular one.  The question is, first, whether counsel's representation fell below an objective standard of reasonableness, and, second, whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine

-3-

confidence in the outcome." Strickland v. Washington, 466 U.S. 668, 694 (1984). These are the kinds of judgments that can be made only in the unique context of a particular record, and only after carefully weighing the entire record, which is what we did on the prior appeal. As Justice Kennedy has put it, the Strickland test "of necessity requires a case-by-case examination of the evidence." Wright v. West, 505 U.S. 277, 308 (1992) (opinion concurring in the judgment).

3.       The second case that petitioner relies on is Simmons v. Luebbers, 299 F.3d 929 (8th Cir. 2002). Again, petitioner asserts that Mr. Simmons raised a claim identical to Mr. Jones's allegation, and that it is fundamentally unfair for Simmons to have obtained relief, while Jones did not. Simmons does qualify as a subsequent legal development. It is an opinion of a panel of this Court handed down after our previous opinion in this case. The Simmons Court itself apparently did not consider that it was acting inconsistently with our previous opinion. Simmons does not even cite Jones. Indeed, if Jones had really denied relief on a claim identical to that asserted by Simmons, it would have been the duty of the Simmons panel to reject the petition before it on the authority of Jones. One panel is not at liberty to depart from a prior holding by another.

As in the case of Williams, we do not find the Simmons opinion to be inconsistent with our prior action in this case. It is certainly true that Mr. Simmons claimed ineffective assistance of counsel, and that, with respect to the penalty phase of his case, he prevailed. It is also true that Simmons successfully relied upon the failure of his lawyers to present certain evidence at the penalty phase, including abuse at the hands of his mother, running away from home and possibly being raped, growing up in an impoverished neighborhood characterized by street violence, and low intelligence. Simmons's lawyers' failure to present this evidence was held to be ineffective assistance of counsel, and Simmons was held to have met the Strickland prejudice test. Some of this evidence is similar to the evidence that Jones's lawyers failed to introduce. But that does not show that Simmons is inconsistent with Jones.

On the contrary, as we have observed, a judgment as to <u>Strickland</u> prejudice has to be made in the context of a particular record. As we attempted to explain in our previous opinion, the trial strategy that Jones's present counsel believe his trial counsel should have pursued faced substantial difficulties. It was inconsistent with a number of facts of record, facts that were not seriously disputed, and it would probably have required that Jones testify in the guilt phase of the trial, or at the very least in the penalty phase, despite very substantial difficulties with Jones's performance as a witness. None of these factors was present in <u>Simmons</u>, at least so far as this Court's opinion discloses.

In addition, the course of the <u>Simmons</u> case through the Missouri courts appears to have played a significant part in the conclusion reached by the <u>Simmons</u> panel. Simmons's claim, as we have stated, was that his lawyers had failed to present certain evidence about his childhood and psychology. The Missouri Supreme Court, in rejecting the claim that this evidence would have made a constitutionally significant difference in Simmons's trial, cited the fact that, in a previous trial, also ending in conviction, this evidence <u>had</u> been presented, but had not been persuasive to the jury. As this Court's <u>Simmons</u> opinion makes clear, the Missouri Supreme Court's reference to the previous trial was incorrect. The psychological evidence in question had <u>not</u> been presented to the jury in the previous trial. No such factor exists in this case.

We also have before us a supplement to petitioner's motion for stay of execution, with which is enclosed what amounts to a letter motion from the government of Austria for leave to file a brief amicus curiae in support of petitioner. We do not find these submissions persuasive. Petitioner's supplement is based on the fact that on November 18, 2002, the Supreme Court granted certiorari in <u>Wiggins v. Corcoran</u>, 288 F.3d 629 (4th Cir. 2002). The Supreme Court, obviously, will be better able than we to weigh the possibility that the result in <u>Wiggins</u> might help

petitioner in the present case. What we have to go on is the phrasing of the question presented in <u>Wiggins</u>, which is as follows:

> Does defense counsel in a capital case violate requirements of <u>Strickland v. Washington</u> by failing to investigate available mitigation evidence that could have convinced a jury to impose a life sentence, as this Court concluded in <u>Williams v. Taylor</u> and as most courts of appeal have concluded, or is defense counsel's decision not to investigate such evidence "virtually unchallengeable" so long as counsel knows rudimentary facts about defendant's background, as the Fourth Circuit held in this case?

This question could easily be answered in Wiggins's favor without affecting the result in <u>Jones</u>. Our <u>Jones</u> opinion did not hold, and we do not hold today, that defense counsel's decision not to investigate available mitigation evidence is "virtually unchallengeable" so long as counsel knows rudimentary facts about defendant's background. The principal basis of our decision in the present case is our assessment of <u>Strickland</u> prejudice, which is a separate issue.

As for the request of the government of Austria and its Federal President, conveyed to the Clerk of this Court by the Ambassador of Austria, we of course receive such request, coming as it does from a sovereign Nation, with respect. In the ordinary case, we should grant without hesitation such a motion for leave to file a brief <u>amicus curiae</u>. This is not the ordinary case, however. The request comes by letter dated November 18, 2002. The execution of the sentence is set for November 20, 2002. Granting the request for leave to file a brief would, as the letter request itself states, require staying the execution for approximately 30 days. On the one hand, this is not a long delay. But on the other, the government of Austria (its interest is based on the fact that petitioner has married an Austrian citizen) has known as least since October 10, 2002, about Mr. Jones's case and the scheduled execution date.

October 10 is the date of the letter written to the Governor of Missouri by the Ambassador of Austria, asking for clemency. Additionally, the letters from the Ambassador summarize the arguments that would be contained in an amicus brief, and they are no different from the arguments already presented by petitioner himself.

Accordingly, we conclude that petitioner has not shown our previous opinion to be in error, and has not shown that it is inconsistent with "subsequent" or "intervening legal developments." So, assuming that such an inconsistency would justify relief under Rule 60(b), petitioner has simply not made his case. The District Court did not abuse its discretion in denying the Rule 60(b) motion, and its order denying that motion is affirmed. The emergency application for stay of execution is denied. The letter motion of the government of Austria for leave to file a brief amicus is denied. Our mandate shall issue forthwith.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT