# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued October 18, 2004          Decided December 21, 2004

No. 03-3105

UNITED STATES OF AMERICA,
APPELLEE

v.

MICHAEL ANGELO VARGAS,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(97CR00020-01)

*Cheryl D. Stein*, appointed by the court, argued the cause and filed the brief for appellant Michael Angelo Vargas.

*Lisa H. Schertler*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Kenneth L. Wainstein*, U.S. Attorney, *Barbara J. Valliere* and *John R. Fisher*, Assistant U.S. Attorneys. *Roy W. McLeese, III*, Assistant U.S. Attorney, entered an appearance for appellee.

Before: EDWARDS and RANDOLPH, *Circuit Judges*, and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed by *Circuit Judge* RANDOLPH.

RANDOLPH, *Circuit Judge*: Michael A. Vargas is serving a lengthy sentence for committing federal crimes. Invoking 28 U.S.C. § 2255, he filed an action to have his conviction set aside. The district court ruled against him in 2001 and this court affirmed in an unpublished opinion. In 2003, Vargas filed a motion seeking relief under FED. R. CIV. P. 60(b) from the district court's denial of his § 2255 petition. The rule permits a district court to relieve a party from a judgment on several grounds, only two of which – "(4) the judgment is void" and "(6) any other reason justifying relief from the operation of the judgment" – are relevant here because Vargas sought relief more than a year after judgment. After the district court denied his Rule 60(b) motion, Vargas sought a certificate of appealability – a "COA" – under 28 U.S.C. § 2253(c)(1) in order to raise the following issue on appeal: "Whether this Court erred in treating the Petitioner's properly filed Rule 60(b) Motion as a 'second or successive' motion under 28 U.S.C. § 2255." The district court refused to issue a COA because it had not denied the Rule 60(b) motion on that ground. Vargas then moved in this court for a COA to raise the question whether "the District Court erred in declining to issue a COA on the mistaken belief that appellant had one year to file his Civil Rule 60(b)(6) motion for relief from judgment."

Rather than grant or deny a COA, we referred the matter to a merits panel. Our order stated that "[w]hile not otherwise limited, the parties are directed to address in their briefs" the following questions: whether Vargas's Rule 60(b) motion "was in fact a second or successive § 2255 motion requiring this court's authorization; whether the motion for a certificate of appealability filed in this court should be construed as a motion pursuant to 28 U.S.C. § 2244(b) for leave to file a second or successive" § 2255 petition; and "if so, whether it should be denied because the motion alleges neither newly discovered

evidence nor a new rule of constitutional law made retroactive by the Supreme Court."

Prompting the order was a disagreement among the circuits about when a Rule 60(b) motion should be considered a "second or successive" § 2255 petition requiring a certification from a court of appeals. *See* 28 U.S.C. §§ 2244(b)(1) & 2255; *Felker v. Turpin*, 518 U.S. 651, 662 (1996). The positions of the circuits are fairly summarized in *In re Abu-Ali Abdur'Rahman*, No. 02-6547, 2004 U.S. App. LEXIS 25609, at \*9-11 (6th Cir. Dec. 13, 2004) (en banc). Despite our order, Vargas does not want us to treat his application for a COA as a request to have us retroactively certify his Rule 60(b) motion. Even if we could do this – and we express no opinion on the subject – our appellate jurisdiction depends initially on whether a prisoner needs a COA to appeal the denial of his Rule 60(b) motion in a § 2255 (or habeas) proceeding. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In many of the decisions about when Rule 60(b) motions should be viewed as successive § 2255 petitions, the opinion makes clear that the court of appeals had first issued a COA to establish its appellate jurisdiction. *See Rodwell v. Pepe*, 324 F.3d 66, 69 (1st Cir. 2003); *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *United States v. Winestock*, 340 F.3d 200, 202 (4th Cir. 2003); *Thompson v. Calderon*, 151 F.3d 918, 920 (9th Cir. 1998); *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1267-68 (11th Cir. 2004) (en banc). Vargas himself recognized that he needed a COA in order to get appellate review. At last count, seven courts of appeals have interpreted 28 U.S.C. § 2253(c)(1) to require a COA in cases such as his. *Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001) (per curiam); *Morris v. Horn*, 187 F.3d 333, 336 (3d Cir. 1999); *Reid v. Angelone*, 369 F.3d 363, 369 (4th Cir. 2004); *Rutledge v. United States*, 230 F.3d 1041, 1046-47 (7th Cir. 2000); *Zeitvogel v. Bowersox*, 103 F.3d 56, 57 (8th Cir. 1996) (per curiam order); *Langford v. Day*, 134 F.3d 1381, 1383

(9th Cir. 1998); *Gonzalez*, 366 F.3d at 1262-67 (11th Cir. 2004). We now make it eight.

Section 2253(c)(1)(B) states:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –

\* \* \*

(B) the final order in a proceeding under section 2255.

This was a § 2255 proceeding and the denial of Vargas's Rule 60(b) motion was a final order, although his appeal – if permitted – would not bring up the underlying judgment. *See, e.g., Browder v. Director, Illinois Dep't of Corr.*, 434 U.S. 257, 263 n.7 (1978); *Derrington-Bey v. District of Columbia Dep't of Corr.*, 39 F.3d 1224, 1226 (D.C. Cir. 1994). The only possible doubt stems from the word "the" in subsection (B), which might signify that only one final order per § 2255 proceeding requires a COA, the most likely candidate being the judgment denying the § 2255 petition. As against this, the Dictionary Act provides that in "determining the meaning of any Act of Congress, unless the context indicates otherwise, words importing the singular include and apply to several persons, parties, or things." 1 U.S.C. § 1. Here the context hardly indicates otherwise. A statute's structure is part of its context, and so is its purpose. *See Tax Analysts v. IRS*, 117 F.3d 607, 616 (D.C. Cir. 1997). The purpose of § 2253(c)(1)(B) is to prevent frivolous cases from clogging appellate dockets and to promote finality. *See Barefoot v. Estelle*, 463 U.S. 880, 892 (1983) (predecessor statute). As several courts have reasoned, it would make no sense for Congress to require the screening of appeals from

judgments denying § 2255 petitions yet allow appeals from denials of Rule 60(b) motions seeking to reopen those judgments. *See, e.g., Gonzalez*, 366 F.3d at 1264; *Kellogg*, 269 F.3d at 103.

Vargas therefore must satisfy us that he has, in the words of § 2253(c)(2), "made a substantial showing of the denial of a constitutional right." It is quite obvious that he can make no such showing. The issue he seeks to raise deals not with a constitutional right, but with the district court's application of Rule 60(b). The court did not deny his motion on procedural grounds. *Compare Slake v. McDaniel*, 529 U.S. 473, 478 (2000). The court denied it on the ground that the judgment was not void and that Vargas had presented nothing to warrant exercise of the court's discretion under Rule 60(b)(6). We therefore refuse to issue a COA.

*Appeal dismissed.*