# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1559

_____

United States of America,                   *

                              *

          Appellee,         *

                              *    Appeal from the United States

     v.                      *    District Court for the

                              *    District of Minnesota

John Gregory Lambros,          *

                              *    [TO BE PUBLISHED]

          Appellant.       *

_____

Submitted: June 30, 2004
Filed: April 13, 2005

_____

Before BYE, McMILLIAN, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Federal prisoner John Gregory Lambros appeals the district court's[1] order denying his Fed. R. Civ. P. 59(e) motion to alter or amend the district court's order denying his Fed. R. Civ. P. 60(b) challenge to the denial of a previous Rule 60(b) motion. In that previous Rule 60(b) motion, Lambros challenged the 1997 denial of his 28 U.S.C. § 2255 motion attacking his drug convictions. For the reasons stated below, we dismiss the appeal.

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

In 1993, a jury convicted Lambros of four cocaine-related offenses, including a conspiracy count. On appeal, this court vacated the sentence on the conspiracy count, remanded for resentencing on that count, and affirmed the conviction in all other respects. See United States v. Lambros, 65 F.3d 698 (8th Cir. 1995), cert. denied, 516 U.S. 1082 (1996). On remand, Lambros filed multiple new trial motions pursuant to Fed. R. Crim. P. 33. The district court treated the new trial motions as a single § 2255 motion and denied all the claims. Lambros appealed the 360-month prison term to which he was resentenced. This court affirmed. See United States v. Lambros, No. 97-1553, 1997 WL 538013 (8th Cir. Sept. 2, 1997) (unpublished per curiam), cert. denied, 522 U.S. 1065 (1998). Two subsequent § 2255 motions filed by Lambros were dismissed by the district court because this court had not authorized their filing. See 28 U.S.C. §§ 2255 and 2244.

In 2001, Lambros filed a Rule 60(b) motion to vacate all of the previous judgments of the district court related to the denial of habeas relief. Construing the motion as a successive application for § 2255 relief, the district court denied relief because Lambros had not received authorization to file another § 2255 motion. This court affirmed. See United States v. Lambros, 40 Fed. Appx. 316 (8th Cir. 2002) (unpublished per curiam), cert. denied, 537 U.S. 1195 (2003).

Lambros filed a Rule 60(b) motion asking the district court to vacate its 2001 order denying his first Rule 60(b) motion. He argued that the court had improperly construed that previous motion as a successive § 2255 application. The district court denied the second Rule 60(b) motion, and Lambros then filed a Rule 59(e) motion to alter or amend the judgment. The district court denied the Rule 59(e) motion, and Lambros filed the present appeal.

Initially, we note that our appellate jurisdiction depends in part on whether a petitioner needs a certificate of appealability to appeal the denial of a Rule 60(b) motion in a habeas proceeding. See United States v. Vargas, 393 F.3d 172, 174 (D.C.

Cir. 2004). Of course, a certificate is required to appeal from "the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). Further, an order denying a Rule 60(b) motion is a final order for purposes of appeal. Mohammed v. Sullivan, 866 F.2d 258, 260 (8th Cir. 1989).

This court has implicitly recognized in published opinions that the certificate requirement applies to an appeal from the denial of a Rule 60(b) motion seeking to reopen a habeas case. See Jones v. Roper, 311 F.3d 923, 924 (8th Cir. 2002) (per curiam) (concluding district court's grant of certificate of appealability placed merits of appeal before appellate court), cert. denied, 537 U.S. 1040 (2002); Zeitvogel v. Bowersox, 103 F.3d 56 (8th Cir. 1996) (per curiam) (published order denying certificate in appeal from denial of Rule 60(b) motion seeking relief from order denying habeas petition), cert. denied, 519 U.S. 1036 (1996). Our decision in Zeitvogel has been cited by other circuit courts for the proposition that this circuit interprets § 2253(c)(1) to require a certificate in Rule 60(b) cases. See Vargas, 393 F.3d at 174; Reid v. Angelone, 369 F.3d 363, 369 n.2 (4th Cir. 2004); Kellogg v. Strack, 269 F.3d 100, 103 (2d Cir. 2001), cert. denied, 535 U.S. 932 (2002). Finally, the weight of authority from other circuits favors requiring a certificate in these cases. See Vargas, 393 F.3d at 174 (holding that certificate is required to appeal denial of Rule 60(b) motion challenging denial of habeas application and stating that eight circuit courts (including Eighth Circuit) are in accord on this issue).

It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure. United States v. Patton, 309 F.3d 1093 (8th Cir. 2002) (per curiam) (collecting cases); see also Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam) (if Rule 60(b) motion is actually successive habeas petition, court should dismiss it for failure to obtain authorization from court of appeals, or in its discretion, transfer motion to court of appeals). Likewise, the certificate requirement under 28 U.S.C. § 2253(c)(1) may not be

circumvented through creative pleading. A certificate of appealability is required to appeal the denial of any motion that effectively or ultimately seeks habeas corpus or § 2255 relief.

Because Lambros's Rule 59(e) motion, just like his previous Rule 60(b) motions, sought ultimately to resurrect the denial of his earlier § 2255 motion, we hold that a certificate of appealability is required for the present appeal. A certificate may issue if Lambros has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2) (certificate standard); Garrett v. United States, 211 F.3d 1075, 1077 (8th Cir.) (per curiam) ("substantial showing" required for certificate is showing that issues are debatable among reasonable jurists, court could resolve issues differently, or issues deserve further proceedings), cert. denied, 531 U.S. 908 (2000).

When Lambros filed multiple new trial motions, after our limited remand for resentencing following his conviction, the district court correctly treated those new trial motions as seeking § 2255 postconviction relief. His subsequent Rule 60(b) motions and his most recent Rule 59(e) motion were, in reality, efforts to file successive motions for postconviction relief. Those motions were properly denied because Lambros did not have authorization from this court. Therefore, Lambros has not made a substantial showing of any error, much less constitutional error.

Accordingly, we deny a certificate of appealability and dismiss the appeal.

_____