# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2237

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Darryl Lee Williams, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 7, 2006
Filed: March 20, 2006

_____

Before MURPHY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Darryl Williams appeals the district court's[1] denial of his Federal Rule of Civil Procedure 60(b) motion challenging the district court's 1993 denial of his 28 U.S.C. § 2255 motion. We deny a certificate of appealability (COA) and dismiss the appeal.

In 1990, this court affirmed Williams's conviction and sentence on drug charges. See United States v. Turpin, 920 F.2d 1377, 1380 (8th Cir. 1990), cert. denied, 499 U.S. 953 (1991). In August 1993, Williams filed a section 2255 motion,

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

alleging that his sentence was improperly enhanced. The district court denied the motion in November 1993, and this court dismissed the appeal, see Williams v. United States, No. 94-1828 (8th Cir. June 8, 1994) (unpublished disposition). In January 2004, Williams filed the instant motion under Rule 60(b), arguing that the district court erred in dismissing his habeas motion. The district court denied the motion, and Williams appeals.

We find Williams's motion was in reality a successive section 2255 motion, as he attempted to reargue the claims in the original motion by attacking the district court's November 1993 ruling on substantive rather than procedural grounds. Cf. Gonzalez v. Crosby, 125 S. Ct. 2641, 2647-48 (2005) (Rule 60(b) motion should not be treated as successive habeas motion if it attacks district court's previous resolution of claim on procedural grounds); United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002) (per curiam) (inmates may not bypass authorization requirement of § 2255 by purporting to invoke some other procedure). Thus, the district court's dismissal was proper, see Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (if district court determines Rule 60(b) motion is actually second habeas petition, court has discretion to dismiss it for failure to obtain authorization, or transfer it to court of appeals), cert. denied, 538 U.S. 953 (2003), and we deny a COA, see United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir.) (per curiam) (COA is required to appeal denial of any motion that ultimately seeks habeas relief), cert. denied, 125 S. Ct. 2953 (2005).

Accordingly, we dismiss this appeal.

_____