Eugenia JENNINGS, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. CIV. 03–116–GPM.
No. CRIM. 00–30122–GPM.

United States District Court,
S.D. Illinois.

Dec. 13, 2006.

John Sandberg, St. Louis, MO, for Petitioner.

Suzanne M. Garrison, Assistant U.S. Attorney, Fairview Heights, IL, for Respondent.

## MEMORANDUM AND ORDER

MURPHY, Chief Judge.

This matter is before the Court on the motion for a certificate of appealability brought by Eugenia Jennings (Doc. 31). For the following reasons, the motion is **DENIED**.

Jennings, who pleaded guilty to two counts of distributing crack cocaine and was sentenced in 2001 to 262 months as a career offender under section 4B1.1 of the United States Sentencing Guidelines, has filed a notice of appeal from the Court's Order denying her motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence. *See Jennings v. United States*, 461 F.Supp.2d 818 (S.D.Ill.2006). *See also United States v. Jennings*, 39 Fed.Appx. 322 (7th Cir.2002). Pursuant to 28 U.S.C. § 2253, "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). Rule 22 of the Federal Rules of Appellate Procedure provides, in pertinent part:

> [I]n a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. The district clerk must send the certificate or statement to the court of appeals with the notice of appeal and the

file of the district-court proceedings. If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate.

FED. R. APP. P. 22(b)(1).

■ "A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Young v. United States*, 124 F.3d 794, 798–99 (7th Cir.1997); *Nunez v. United States*, 96 F.3d 990, 991–92 (7th Cir. 1996). A substantial showing of the denial of a constitutional right for purposes of the statute means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir.2005) (quoting *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)). *Cf. Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); *Rodriguez v. United States*, 286 F.3d 972, 978 (7th Cir.2002); *Ouska v. Cahill–Masching*, 246 F.3d 1036, 1046 (7th Cir.2001); *Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir.2000).

Jennings's motion for a certificate of appealability identifies seven issues that she proposes to raise on appeal from the Court's denial of her request for relief from her sentence under 28 U.S.C. § 2255. First, Jennings contends that her 262–month sentence violates the Fifth Amendment, the Sixth Amendment, and the Eighth Amendment of the United States Constitution. Second, Jennings contends that her sentence is unconstitutional in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which held that, under a mandatory sentencing system, juries rather than courts must make determinations of sentencing factors. *See id.* at 226–29, 125 S.Ct. 738 (quoting *Blakely v. Washington*, 542 U.S. 296, 303, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)). Third, Jennings contends that her counsel was ineffective in failing to request a downward departure based on overrepresentation of her criminal history. Fourth, Jennings contends that the Government failed to prove by a preponderance of evidence that she distributed crack cocaine, rather than a different form of cocaine base. Fifth, Jennings contends that her counsel was ineffective in failing to challenge her sentence under *Blakely* and *Booker*. Sixth, Jennings contends that her guilty plea was not voluntary in light of sexual abuse she allegedly suffered at the hands of guards at the Tri County Detention Center in Ullin, Illinois, where Jennings was held during her pre-trial detention. Seventh, Jennings contends that her sentence is improper because crack cocaine is not a Schedule II controlled substance according to 21 U.S.C. § 812(c).

■ Concerning the second, third, fourth, and fifth grounds for appeal identified in Jennings's motion for a certificate of appealability, the Court already has addressed these arguments in its Order denying Jennings's motion for relief from her sentence under 28 U.S.C. § 2255 and concluded that they have no merit. *See Jennings*, at 829–3. Jennings offers no reason for the Court to believe that reasonable jurists would differ with that conclusion. *See Branch v. United States*, No. 03 C 4108, 2004 WL 2033056, at *2 (N.D.Ill. Sept. 3, 2004) ("When a petitioner [for relief under section 2255] makes no argument why another court would reach a different conclusion than that reached in the disposition of the § 2255 petition, ... a court should not issue a [certificate of appealability]."). The first, sixth, and sev-

enth grounds for appeal identified in Jennings's motion for a certificate of appealability were raised by Jennings neither in her direct appeal from her conviction nor in her section 2255 motion and therefore cannot furnish the basis for a meritorious appeal from the Court's denial of section 2255 relief. *See Jennings,* at 822–23 (citing *Belford v. United States,* 975 F.2d 310, 313 (7th Cir.1992)) (noting that post-conviction relief for a federal prisoner cannot be secured on the basis of: "(1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal."). *Cf. Garrett v. United States,* 211 F.3d 1075, 1076–77 (8th Cir.2000) (denying a certificate of appealability as to an issue that was not asserted before the district court as grounds for section 2255 relief). The Court concludes that Jennings has not made and cannot make a substantial showing of the denial of a constitutional right, and therefore her request for a certificate of appealability will be denied.

■ As a final matter, the Court notes that Jennings appears to be proceeding in forma pauperis on appeal. In general a defendant who is found eligible for court-appointed counsel in a district court may proceed on appeal in forma pauperis without further authorization unless the district court certifies that the appeal is not taken in good faith or that the party is otherwise not entitled to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a)(3). Jennings was appointed counsel in both the proceedings leading to her conviction and the proceedings with respect to her motion under 28 U.S.C. § 2255. As discussed, the Court has concluded that Jennings has failed to make a substantial showing of the denial of a constitutional right so as to warrant a grant of a certificate of appealability. However,

the standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith for purposes of proceeding in forma pauperis on appeal. *See Walker v. O'Brien,* 216 F.3d 626, 631–32 (7th Cir.2000). To conclude that an appeal is in good faith, "a court need only find that a reasonable person could suppose that the appeal has some merit." *Id.* at 632 (citing *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000)). Thus, an unsuccessful movant for relief under section 2255 may proceed in forma pauperis on appeal even after a district court has denied issuance of a certificate of appealability. *See id.* (concluding that an appeal can be taken in good faith even though a certificate of appealability has been denied); *Branch,* 2004 WL 2033056, at *4 (same). Given the lower burden for an appeal to be considered in good faith for purposes of proceeding in forma pauperis, courts have held that an appeal is in good faith in cases where, as here, a court has denied a certificate of appealability because the movant has failed to offer any argument that a denial of relief under section 2255 based on alleged ineffective assistance of counsel is debatable among jurists of reason and has asserted grounds for appeal that are procedurally defaulted. *See Branch,* 2004 WL 2033056, at *2–4. In the instant case, the Court believes that, although Jennings's asserted grounds for appeal are meritless, they have been raised in good faith. Therefore, the Court will not certify that Jennings's appeal is taken in bad faith.

To conclude, Jennings's motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c) (Doc. 31) is **DENIED.** Pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Clerk of Court is **DIRECTED** to mail a copy of this Order to the United States Court of Ap-

peals for the Seventh Circuit with Jennings's notice of appeal and the file of the proceedings on Jennings's motion for relief under 28 U.S.C. § 2255. Pursuant to Rule 22(b)(1), Jennings may renew her request for a certificate of appealability in the Court of Appeals.

**IT IS SO ORDERED.**