# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-3582

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Uriel Carranza, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

———————

Submitted: June 14, 2012
Filed: June 25, 2012

———————

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Uriel Carranza appeals from the district court's[1] order recharacterizing his "motion for review of sentence" as an unauthorized successive 28 U.S.C. § 2255 motion, and denying it for lack of jurisdiction. Because Mr. Carranza's motion was his second collateral attack on his sentence, and Mr. Carranza did not obtain this court's authorization before filing his motion, it was the functional equivalent of an unauthorized successive section 2255 motion, and the district court properly denied it. See United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002) (prisoners may

———————

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

not bypass authorization requirement by purporting to invoke some other rule or procedure); Boyd v. United States, 304 F.3d 813, 814 (8th Cir. 2002) (if district court determines motion is functional equivalent of unauthorized, successive § 2255 motion, it should either dismiss it or transfer to court of appeals). The holding in Castro v. United States, 540 U.S. 375, 381-83 (2003), which requires that the district court warn a pro se litigant before it recharacterizes the litigant's first collateral attack as a section 2255 motion, does not apply when the district court recharacterizes a pro se litigant's second or successive collateral attack on the same conviction, because the litigant has already received the one round of collateral review he is allowed under the AEDPA. See Lloyd v. United States, 398 F.3d 978, 980 (7th Cir. 2005); Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004).

Accordingly, we affirm the judgment of the district court.

_____