**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JOHN GREGORY LAMBROS,

Petitioner - Appellant,

v.

CLAUDE MAYE,

Respondent - Appellee.

No. 13-3159
(D. Kansas)
(D.C. No. 5:13-CV-03034-RDR)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

John Lambros, a federal prisoner proceeding pro se, appeals from an order

of the United States District Court for the District of Kansas dismissing his

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

28 U.S.C. § 2241 habeas corpus petition without prejudice for lack of jurisdiction. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms** the district court's order of dismissal.

Lambros's § 2241 petition seeks to challenge the judgment underlying his four drug-related convictions, which judgment was entered in 1993 in the United States District Court for the District of Minnesota. *See generally United States v. Lambros*, 404 F.3d 1034, 1035 (8th Cir. 2005) (discussing Lambros's numerous attempts, via multiple procedural avenues, to have his convictions set aside). In two exceedingly comprehensive orders, the district court concluded it lacked jurisdiction over Lambros's § 2241 petition because the relief he sought was within the purview of 28 U.S.C. § 2255 (properly filed in the court of conviction) and Lambros had failed to demonstrate the remedy set out in § 2255 was inadequate or ineffective.[1] *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th

_____

[1]As this court has made clear,

A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined. A § 2255 motion, on the other hand, is generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention, and must be filed in the district that imposed the sentence.

*Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (quotations, citations, and alteration omitted); *see also Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("The exclusive remedy for testing the validity of a [federal] judgment and sentence, unless it is inadequate or ineffective, is that

(continued...)

Cir. 1999) (setting out the "extremely limited circumstances" in which federal courts have concluded the remedy set out in § 2255 is inadequate or ineffective); *see also Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (holding a petitioner "bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective").[2] The district court likewise concluded Lambros could not evade AEDPA's limitations on successive § 2255 motions by creatively captioning his petition, in the alternative, as a request for a writ of audita querela.

This court cannot improve upon the reasoning of the district court as set out in its orders dated May 17, 2013 and July 1, 2013. Accordingly, this court **AFFIRMS** the district court's order of dismissal for substantially the reasons set out in those thorough orders.[3]

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge

---

[1](...continued)
provided for in 28 U.S.C. § 2255.").

[2]The record in this case makes clear Lambros is attempting to use § 2241 to take an end-run around the Eighth Circuit's consistent denial of his requests for relief under § 2255. As aptly recognized by the district court, Lambros has not offered a single citation to any authority supporting the notion § 2241 can be used in this fashion.

[3]Lambros's request for a certificate of appealability ("COA") is **denied** as moot. A federal prisoner does not need a COA to appeal the dismissal of a § 2241 habeas petition.