DIANA GRIBBON MOTZ, Circuit Judge,
dissenting:
The majority holds that a habeas petitioner need not obtain a certificate of ap-pealability (COA) before appealing a district court’s “order denying [his] Rule 60(b) motion as an improper successive habeas petition.” Because this conclusion runs counter to binding circuit precedent, I respectfully dissent.
We only have jurisdiction to consider an appeal from a “final order in a proceeding under” 28 U.S.C. § 2255 if “a circuit justice or judge” issues a COA. See 28 U.S.C. § 2253(c)(1). In Reid v. Angelone, 369 F.3d 363, 369 (4th Cir.2004), we held that a district court’s denial of a habeas petitioner’s Rule 60(b) motion constitutes such an order, and thus we lack appellate jurisdiction to review it absent a COA. In this case, after dismissing McRae’s Rule 60(b) motion as a successive § 2255 petition, the district court declined to issue a COA. And no member of this court has issued a COA.[1] Under Reid, we therefore lack jurisdiction to hear McRae’s appeal and so should dismiss it.
The majority eschews this straightforward application of our precedent. My colleagues contend that two recent Supreme Court cases combine to abrogate— at least in part — our holding in Reid. I cannot agree..
First, the majority relies on Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), which did not even involve a COA. There, the Supreme Court considered the interplay between Rule 60(b) motions and the 28 U.S.C. § 2244(b)(3) requirement that habeas petitioners obtain authorization from a court of appeals before filing a successive habeas petition. See id. at 530-36, 125 S.Ct. 2641. The Gonzalez Court held that if a Rule 60(b) motion “attacks ... the integrity of the federal habeas proceedings,” rather than the outcome of those proceedings, it is not “a habeas corpus application” and does not require pre-filing authorization. Id. at 532-33, 125 S.Ct. 2641. Thus, Gonzalez simply empowers a petitioner to file a challenge to the integrity of his habeas proceedings in a Rule 60(b) motion without obtaining pre-filing authorization from an appellate court. Gonzalez does not empower a petitioner to appeal the denial of such a challenge without obtaining a COA. The majority elides the distinction between the two forms of authorization, notwithstanding their separate statutory and analytical bases.
Whether a petitioner must first obtain a COA to appeal a Rule 60(b) denial is, in fact, a question the Gonzalez Court expressly declined to resolve. Id. at 535 n. 7, 125 S.Ct. 2641. But, citing our decision in Reid, the Court acknowledged in dicta that “[m]any Courts of Appeals” impose such a COA requirement. Id. at 535, 125 S.Ct. 2641. And the Court even intimated that this approach was the correct one. See id. at 535 n. 7, 125 S.Ct. 2641 (noting COA requirement for 60(b) appeals is “a more plausible and effective screening requirement, with sounder basis in the statute” than requiring pre-filing authorization for 60(b) motions in the first instance). Far from undercutting Reid’s logic then, Gonzalez actually all but endorses it.
*403 Accordingly, the majority’s heavy reliance on Gonzalez is misplaced. The majority correctly notes that Gonzalez requires “that we treat true Rule 60(b) motions differently from successive habe-as petitions.” Indeed we must. And a district court that fails to do so commits error. But that conclusion does not answer the question now before us, i.e., whether a petitioner denied Rule 60(b) relief can, absent a COA, obtain appellate review. Reid held that we lack jurisdiction to.entertain such an appeal and Gonzalez does not abrogate that holding.
The other case on which the majority relies, Harbison v. Bell, 556 U.S. 180, 129 S.Ct. 1481, .173 L.Ed.2d 347 (2009), did consider the COA provision. The Harbi-son Court held a COA “not necessary” to appeal an order denying a request for counsel, reasoning that the COA provision applies only to “final orders that dispose of the merits of a habeas corpus proceeding.” Id. at 183, 129 S.Ct. 1481. The majority concludes that “[a] jurisdictional dismissal” of a Rule 60(b) motion, like the request for counsel in Harbison, “is so far removed from the merits of the underlying habeas petition” that it, too, does not “dispose of the merits.”
That conclusion is, in my view, simply wrong. A final order that does not “consider [] the merits” of a habeas petition can certainly dispose of the merits. A Rule 60(b) motion “to reopen proceedings” seeks to put at issue claims that have been resolved by final judgment. United States v. MacDonald, 641 F.3d 596, 603 (4th Cir. 2011); see also Fed.R.Civ.P. 60(b). An order foreclosing such relief clearly “disposes of the merits” of claims the movant sought to relitigate. An order denying a request for counsel, like that at issue in Harbison, by contrast, leaves the merits of the underlying claims entirely unaffected. The majority apparently believes that only by “developing a nexus ... to the merits” can an order dispose of the merits. Nothing in Harbison suggests that the Supreme Court intended to alter the plain meaning of the word “dispose” in this manner.
Nor does anything in Harbison indicate that the Court there intended to exempt an order dismissing a Rule 60(b) motion from the COA requirement. After all, a mere four years earlier, the Court had noted in Gonzalez that “[mjany Courts of Appeals ... requir[e] a habeas petitioner to obtain a COA as a prerequisite to appealing the denial of a Rule 60(b) motion.” 545 U.S. at 535, 125 S.Ct. 2641. The Har-bison Court made no reference to Rule 60(b), let alone suggested that it intended to partially abrogate what it had so recently recognized as a widespread, “plausible and effective” practice. Id. at 535 n. 7,125 S.Ct. 2641.
The majority’s assertion that it abrogates “only a small part of Reid’s reasoning” gives me little comfort. The majority does limit its holding to an “order dismissing a Rule 60(b) motion as a successive habeas application,” leaving for another day whether an order denying a Rule 60(b) motion continues to require a COA. But we have never treated Rule 60(b) denials and Rule 60(b) dismissals differently for COA purposes. See Reid, 369 F.3d at 375 (requiring COA for all “appeals from Rule 60(b) motions in habeas cases”). This is, of course, because the COA provision broadly covers “final order[s]” in ha-beas proceedings. 28 U.S.C. § 2253(c)(1). A jurisdictional dismissal is no less a “final order” than a denial on the merits. Thus, the majority’s purported preservation of a portion of Reid rests on decidedly shaky ground.
Moreover, if the majority’s assertedly “small” holding did remain good law, it would yield a very strange result. Under *404 this regime, we would still require a COA to appeal the denial of a Rule 60(b) motion on its merits, see Reid, 369 F.3d at 369, and to appeal the dismissal of a § 2255 motion as successive, see Jones v. Braxton, 392 F.3d 683, 688 (4th Cir.2004). But when a district court dismisses a Rule 60(b) motion as actually a successive § 2255 motion in Rule 60(b) clothing, no COA would be necessary. This seems to me to make little sense.
Though I believe neither Gonzalez nor Harbison justifies the result reached by the majority, I am not without sympathy for McRae. As the Government concedes, the district court erred in not permitting him to separate his “true” Rule 60(b) claims from those that were successive habeas claims. See Appellee’s Br. 49-50. But the purpose of a COA is “to prevent frivolous cases from clogging appellate dockets and to promote finality.” United States v. Vargas, 393 F.3d 172, 174 (D.C.Cir.2004). To that end, Congress has stripped courts of appeals of jurisdiction in habeas cases where the lack of a constitutional injury is plain. See Reid, 369 F.3d at 371.
This is such a case.' Binding circuit precedent thus requires dismissal of this appeal.[2] Because I believe the Supreme Court has not overruled that precedent, I must respectfully dissent.

. There is good reason for this. McRae plainly fails to qualify for a COA for he cannot make a “substantial showing of the denial of a constitutional right.” 28 U.S.C. § 2253(c)(2).

. The concurrence’s support of my dissent in Blakely v. Wards, 738 F.3d 607 (2013) (en banc), is gratifying. But even if my reasoning there applied in the very different context here, we could not follow it given that binding circuit precedent — the en banc majority in Blakely — rejected my rationale.