John **LYNCH**, Petitioner–Appellant,

v.

James **BLODGETT**, et al., Respondents–Appellees.

No. 92–36991.

United States Court of Appeals, Ninth Circuit.

July 13, 1993.

402

John Lynch, pro se.

Thornton Wilson, Deputy Atty. Gen., Olympia, WA, for respondents-appellees.

Before: BROWNING, TANG and NORRIS, Circuit Judges.

## ORDER

The issue before the court is whether a state prisoner who has petitioned for a writ of habeas corpus in federal court must obtain a certificate of probable cause to appeal the denial of a post-judgment motion for relief under Fed.R.Civ.P. 60(b). We conclude the petitioner must obtain a certificate of probable cause and remand this action to the district court for the limited purpose of determining whether a certificate of probable cause should issue.

*Procedural Background*

Appellant John Lynch ("Lynch") is a Washington state prisoner who filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. On June 19, 1992, the district court granted respondent's motion for summary judgment and dismissed the petition.

Lynch filed a timely notice of appeal from the district court's judgment, which was assigned Appeal No. 92–36520. Pursuant to Fed.R.App.P. 22(b), on July 9, 1993, the district court declined to issue a certificate of probable cause for the appeal to proceed. This court also denied Lynch a certificate of probable cause on August 26, 1992, thus terminating Appeal No. 92–36520.

Lynch filed in district court on September 28, 1992 a motion for relief from judgment under Fed.R.Civ.P. 60(b). The district court denied this motion on November 3, 1992. Lynch then filed a timely notice of appeal, which was designated Appeal No. 92–36991. Lynch did not request, nor has he received, a certificate of probable cause from either the district court or from this court for Appeal No. 92–36991. Respondents now move to dismiss the appeal for lack of jurisdiction.

*Analysis*

28 U.S.C. § 2253 provides, "An appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding [by a state prisoner], unless the justice or judge who rendered the order or a circuit justice or judge issues a certificate of probable cause."

Neither the Supreme Court nor this court has addressed whether Section 2253 requires a state habeas petitioner to obtain a certificate of probable cause to appeal from the denial by the district court of a Rule 60(b) motion.

The Eleventh Circuit, however, confronted this question in *Lindsey v. Thigpen*, 875 F.2d 1509 (11th Cir.1989). Lindsey, a state habeas prisoner, moved to reopen the district court judgment under Rule 60(b). The district court denied both the motion and a subsequent application for a certificate of probable cause to appeal the denial of the Rule 60(b) motion. Lindsey then requested a certificate of probable cause from the appellate court. The appellate court ultimately denied the request, after first articulating the following standard for issuing a certificate of probable cause in this context:

> Because the denial of a motion under Rule 60(b) is reviewable only for an abuse of discretion and a certificate of probable

cause should issue only when a habeas petitioner has made a "substantial showing of the denial of a federal right," *Barefoot v. Estelle,* 463 U.S. 880, 893 [103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090] (1983), a certificate of probable cause to appeal the denial of Lindsey's Rule 60(b) motion should issue only if Lindsey has made a substantial showing that the district court abused its discretion by denying the Rule 60(b) motion.

*Lindsey,* 875 F.2d at 1512.

■■■ The court adopts the standard articulated by the Eleventh Circuit. Title 28 U.S.C. § 2253 establishes the issuance of a certificate of probable cause as a jurisdictional prerequisite to appellate review from "the final order" in a federal habeas proceeding by a state prisoner. *See Gardner v. Pogue,* 558 F.2d 548, 549 (9th Cir.1977). The denial of a Rule 60(b) motion is a final, appealable order. *See Wages v. I.R.S.,* 915 F.2d 1230, 1234 (9th Cir.1990).[1]

■■■ To permit a state prisoner's habeas appeal to proceed from a denial of a Rule 60(b) motion without issuing a certificate of probable cause circumvents the obvious purpose of Section 2253, which is the creation of discretionary appellate review for habeas petitions filed by state prisoners.[2] By not requiring the issuance of a certificate of probable cause after the denial of a Rule 60(b) motion, Lynch would have been effectively granted a right of appeal.

■■■ Once a notice of appeal is filed by a state habeas prisoner, a request for a certificate of probable cause must be heard in the first instance by the district court. Fed. R.App.P. 22(b); *Gardner,* 558 F.2d at 550–51. Because the district court has not addressed this issue, this action is remanded to the district court for the limited purpose of granting or denying the certificate of probable cause. The district court is requested to make this determination at its earliest convenience and to forward a copy of its order to this court.

---

1. The review of an appeal from a district court's denial of a Rule 60(b) motion, however, is limited to the new grounds raised in the motion itself and does not reach the merits of the underlying judgment. *Cel–A–Pak v. California Agric. Labor Relations Bd.,* 680 F.2d 664, 668 (9th Cir.1982).

2. In comparison, Section 2253 does not require federal prisoners who petition for a writ of habeas corpus under 28 U.S.C. § 2241 or move to vacate their sentence under 28 U.S.C. § 2255 to obtain a certificate of probable cause as a condition of appellate review.

