134 F.3d 1381
 98 Cal. Daily Op. Serv. 598, 98 Daily Journal
D.A.R. 811,
98 Daily Journal D.A.R. 989
Terry Allen LANGFORD, Petitioner-Appellant,
v.
Rick DAY, Acting Administrator of Corrections Division;
Joseph P. Mazurek, Attorney General of the State
of Montana; Marc Racicot, Governor,
Respondents-Appellees.
 No. 97-99035.
 United States Court of Appeals,
Ninth Circuit.
 Jan. 22, 1998.
 
 Before: CANBY, TROTT and HAWKINS, Circuit Judges.
 
 ORDER
 
 1
 Terry Allen Langford seeks to appeal the district court's denial of his motion for relief under Fed.R.Civ.P. 60(b). His Rule 60(b) motion sought relief from a judgment of the district court denying Langford's petition for habeas corpus challenging his conviction and death sentence. The district court denied a certificate of probable cause. A certificate of probable cause was required under the former version of 28 U.S.C. § 2253 for an appeal of a denial of a Rule 60(b) motion seeking relief from a denial of habeas corpus, 28 U.S.C. § 2254. Lynch v. Blodgett, 999 F.2d 401, 402-03 (9th Cir.1993). The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2253 to require a certificate of appealability instead of a certificate of probable cause. We interpret Langford's notice of appeal as requesting this court to issue a certificate of probable cause or a certificate of appealability, whichever is appropriate.
 
 
 2
 We need not determine whether the amended version of § 2253 applies to Langford's case, because we conclude that he fails to meet what we have described as the more generous standard of a certificate of probable cause. See Greenawalt v. Stewart, 105 F.3d 1268, 1272 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 794, 136 L.Ed.2d 735 (1997). We also need not determine whether the claim Langford attempts to raise can overcome the procedural hurdles it faces under either prior law, see Clark v. Lewis, 1 F.3d 814, 825-26 (9th Cir.1993), or AEDPA, see 28 U.S.C. § 2244(a), because the claim is totally without merit. Langford has failed to make the "substantial showing of the denial of a federal right" necessary to support the issuance of a certificate of probable cause. Clark, 1 F.3d at 825-26.
 
 
 3
 In his habeas petition that was denied by the district court in 1995, Langford, among other claims, challenged his death sentence on the ground that execution by hanging, the method he had selected pursuant to Montana law, violated the Eight Amendment's prohibition of cruel and unusual punishments. We affirmed the denial of this claim, noting that we were bound by our en banc decision of in Campbell v. Wood, 18 F.3d 662 (9th Cir.1994), which held that hanging does not constitute cruel and unusual punishment. See Langford v. Day, 110 F.3d 1380 (9th Cir.), cert. denied, --- U.S. ----, 118 S.Ct. 208, 139 L.Ed.2d 144 (1997). Since then, the Montana legislature has abolished hanging, leaving only lethal injection as a means of execution. Mont.Code Ann. § 46-19-103 (1997).
 
 
 4
 Langford now asserts that this amendment denies him a vested right in his claim that hanging is unconstitutional-a claim that he asserts would have prevailed in the Supreme Court. He asserts that, had he so prevailed, he could not then be executed by lethal injection.
 
 
 5
 There are a number of fatal defects in Langford's claim. In the first place, we are still bound by Campbell v. Wood and cannot accept his premise that execution by hanging violates the eighth amendment. Even if hanging were struck down as unconstitutional, that fact would not prevent his execution by the remaining method, lethal injection, which he does not attack as unconstitutional. See Bonin v. Calderon, 77 F.3d 1155, 1163 (9th Cir.), cert. denied, 516 U.S. 1143, 116 S.Ct. 980, 133 L.Ed.2d 899 (1996). Once the Montana legislature abolished hanging, Langford's Eighth Amendment claim simply became moot. See Rupe v. Wood, 93 F.3d 1434, 1438-39 (9th Cir.), cert. denied, --- U.S. ----, 117 S.Ct. 1017, 136 L.Ed.2d 894 (1997). Langford had no constitutionally protected interest in a choice of punishment. See Bonin, 77 F.3d at 1163; cf. McKenzie v. Day, 57 F.3d 1461, 1469 (9th Cir.1995).
 
 
 6
 Langford's remaining contentions are similarly without merit. He contends that the Montana legislature's abolition of hanging was a bill of attainder because it was intended to moot his Eighth Amendment claim. The characteristics of a bill of attainder are specificity of the affected persons, imposition of punishment, and lack of a judicial trial. See Atonio v. Wards Cove Packing Co., 10 F.3d 1485, 1495 (9th Cir.1993). None of the three characteristics is present here. The Montana legislature's action affected all persons under sentence of death, now and in the future. The elimination of hanging imposed no punishment on Langford. Langford was convicted and sentenced to death by a court. There accordingly has been no attainder.
 
 
 7
 Langford also contended in district court that his execution would prevent him from testifying in a pending civil rights suit that he and other prisoners brought against prison officials. He asserted that the plaintiffs will be prejudiced by the lack of his live testimony, that his execution will constitute an unlawful interference with a witness, and that his execution will have other improper effects on the trial. We note, however, that the parties to that action were and perhaps still are free to depose Langford prior to his execution. His execution pursuant to his fully-reviewed conviction and sentence will not be unlawful. Langford's other contentions are meritless.
 
 
 8
 Langford's request for a certificate of probable cause is DENIED. His alternative request for a certificate of appealability is also DENIED. This appeal is DISMISSED.