**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2018**

**Chris Wolpert**
**Chief Deputy Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WAYNE HANDLEY BARCLAY,

    Petitioner - Appellant,

v.

JASON BRYANT, Warden,

    Respondent - Appellee.

Nos. 17-6242 & 18-6045
(D.C. No. 5:15-CV-01369-M)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

In these companioned cases, Wayne Handley Barclay, proceeding pro se, seeks

certificates of appealability (COA) to appeal from the district court's denial of his

28 U.S.C. § 2254 petition and its denial of his Fed. R. Civ. P. 60(b) motion for relief from

judgment. Construing Barclay's pro se filings liberally, *Yang v. Archuleta*, 525 F.3d 925,

927 n.1 (10th Cir. 2008), we deny a COA in each appeal and dismiss the matters.

**BACKGROUND**

Barclay was convicted in Oklahoma state court of two counts of rape by

instrumentation and one count of lewd acts with a child under sixteen. The victim in all

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

three counts was his step-grandaughter "K.K.," who was between five and nine years old when the conduct occurred. Barclay was sentenced to ten years' imprisonment on each of the rape convictions, one of which was suspended, and to six years' imprisonment for the lewd-acts conviction, the sentences to run consecutively. His convictions and sentenced were affirmed on direct appeal. Barclay was represented by counsel at trial and on direct appeal, but he filed an application for post-conviction relief pro se. After appointing counsel and holding an evidentiary hearing on ineffectiveness of appellate counsel, the state trial court denied the application. Barclay appealed that denial pro se to the Oklahoma Court of Criminal Appeals (OCCA), which affirmed. Barclay then sought habeas relief in federal court, again representing himself. A magistrate judge issued a report and recommendation that the petition be denied. The district court adopted the recommendation over Barclay's objections, denied relief, and denied a COA. The court also denied Barclay's Rule 60(b) motion, in which he asked the court to address de novo an argument he made in his objections to the magistrate judge's recommendation, and denied a COA to appeal that ruling.

## DISCUSSION

### A.    No. 17-6242

To appeal the district court's denial of his § 2254 petition, Barclay must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a state prisoner appealing denial of § 2254 application to obtain a COA); We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

2

In his application for a COA to appeal the district court's denial of his habeas petition, Barclay nominally seeks a COA on three issues. The first two are substantive. In the first, he asks us to consider whether the introduction at trial of a recording of a "controlled call" that was placed without a warrant, allegedly in violation of federal and Oklahoma wiretap statutes, violated his Fourth, Fifth, and Fourteenth Amendment rights.[1] Second, he seeks review of whether trial counsel rendered constitutionally ineffective assistance by (1) failing to investigate or argue that use of the controlled call violated the federal wiretap act, Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510–20; or (2) failing to seek a hearing on the application of Oklahoma's rape-shield statute to testimony trial counsel elicited from K.K. regarding whether she lied to a friend that she was pregnant, a topic on which the trial court disallowed any further evidence. Appended to his second issue is an argument that the trial court's refusal to permit trial counsel to continue questioning K.K. about the alleged pregnancy lie violated his Sixth Amendment right to confront the witnesses against him.

---

[1] The controlled call was scripted by a police detective, placed to Barclay by K.K., and recorded. During the approximately seven-minute call, K.K., who was then fourteen years old, told Barclay she had been lately troubled by the times Barclay had touched her. Although Barclay asked K.K. why she was lying and never expressly admitted to any sexual misconduct, he made some circumstantially incriminating comments, including that he thought it was over with; that K.K. could get him into a lot of trouble; that he was sorry; and that nothing ever really happened except for "the messing around part," *State v. Barclay*, No. CF-2009-1426 (Dist. Ct. of Cleveland Cty., Okla.), Court's Ex. 1, Control Call at 6:35 to 6:40 (state court record filed in hard copy with this court). He also asked K.K. whether she was recording the call, whether anyone was present with her, and (repeatedly) whether the matter was going any further, extracting a promise from K.K. that it would not.

3

Barclay never presented these constitutional issues in his habeas petition, supporting brief, or reply brief. In his objections to the magistrate judge's report and recommendation, he did argue that admission of the controlled call violated his Fourth, Fifth, and Fourteenth Amendment rights because it was obtained without a warrant. But that argument came too late to avoid waiver of appellate review. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Because Barclay never properly presented issues one and two to the district court, he has waived appellate review of them. We therefore deny a COA on those issues. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012) (denying COA on issues not presented to district court in § 2254 petition by "adher[ing] to our general rule against considering issues for the first time on appeal").

In apparent acknowledgement of this procedural impediment, the third "issue" Barclay seeks a COA on is couched as a request that we overlook any waiver concerning issues one and two because he had limited access to legal research materials and received poor advice from jailhouse lawyers when he prepared his application for post-conviction relief[2] and habeas petition. *See* No. 17-6242, Appl. for COA at 14–16; *id.* at 15 ("Petitioner submits that [he] does not want a mixed petition to lose presentation of issues not completely argued in the original petition that justices like yourself will see readily.

---

[2] It appears Barclay never presented any of the claims he now seeks a COA on in either his direct appeal, his application for post-conviction relief, or his appeal from the denial of that application.

Petitioner seeks further forum to argue debatable issues, but guidance as to issues not waived by [one of the jailhouse lawyers]."). But Barclay did not present these contentions to the district court, and he has not explained that failure. We therefore deem his third "issue" waived and deny his request for a COA. *See Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999) (refusing to consider a § 2254 petitioner's contention that the State of Oklahoma unconstitutionally impeded his ability to timely file his habeas petition by denying access to legal materials, because petitioner had not raised the issue in the district court in response to state's motion to dismiss).

**B.     No. 18-6045**

In No. 18-6045, Barclay seeks a COA to appeal the district court's denial of his Rule 60(b) motion. In that motion, he asked the court to address de novo the new argument he made in his objections to the magistrate judge's recommendation—that conducting the controlled call without a warrant violated federal and Oklahoma wiretap statutes, so its introduction at trial violated his constitutional rights. The district court denied the motion, finding that Barclay had not established any basis for granting relief under Rule 60(b), such as a change in the law, new evidence, manifest injustice, and misapprehension of the facts, the law, or Barclay's position, and that it had thoroughly reviewed de novo "all relevant pleadings" before entering judgment on the petition. R.,Vol. 2 at 191.

The district court's denial of the Rule 60(b) motion was a final order disposing of the merits of a motion that arose from the denial of a § 2254 petition. We therefore conclude that Barclay must obtain a COA to appeal that order. *See Harbison v. Bell*,

5

556 U.S. 180, 183 (2009) (explaining that COA requirement of 28 U.S.C. § 2253(c)(1)(A) "governs final orders that dispose of the merits of a habeas corpus proceeding"); *Spitznas v. Boone*, 464 F.3d 1213, 1218 (10th Cir. 2006) (holding that a § 2254 petitioner must obtain a COA "to appeal from the denial of a true Rule 60(b) motion in the district court"[3]); *accord United States v. Winkles*, 795 F.3d 1134, 1142 (9th Cir. 2015) (concluding that in keeping with *Harbison*, "a COA is required to appeal the denial of a Rule 60(b) motion for relief from judgment arising out of the denial of a [28 U.S.C. §] 2255 motion").

To make "a substantial showing of the denial of a constitutional right" needed to obtain a COA, 28 U.S.C. § 2253(c)(2), Barclay must demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition"—here, the Rule 60(b) motion—"should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted).

Taking into consideration that our review of the denial of a Rule 60(b) motion is for abuse of discretion, *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000), we conclude that reasonable jurists could not debate the district court's resolution

[3] Barclay's Rule 60(b) motion was a "true" one, and not a second or successive habeas petition, because it alleged "a defect in the integrity of the federal habeas proceeding." *Spitznas*, 464 F.3d at 1215–16. The alleged defect was the failure to review de novo an argument Barclay advanced in his objections to the magistrate judge's report and recommendation, and success on the motion did not depend "on a determination that the court had incorrectly ruled on the merits in the habeas proceeding," *In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012).

6

of the Rule 60(b) motion.  Nor is the issue presented in that motion—whether the district court should have reviewed the warrantless controlled-call issue de novo—deserving of further proceedings.  In addition to canvassing and rejecting other possible bases for Rule 60(b) relief, the district court made clear that, contrary to Barclay's argument, it had in fact engaged in de novo review of his objections before adopting the recommendation, denying the petition, and entering judgment.

## CONCLUSION

Barclay's applications for a COA are denied, and these matters are dismissed. Barclay's Motion for Limited Remand, in which he asks for a remand so that the district court can have the opportunity to grant his Rule 60(b) motion, is denied as moot because the district court has since denied the Rule 60(b) motion.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

7