NOT FOR PUBLICATION

**FILED**

## UNITED STATES COURT OF APPEALS

JUN 23 2023

## FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-35204 |
| Plaintiff-Appellee, | D.C. Nos. 1:21-cv-00071-SPW 1:19-cr-00019-SPW-1 |
| v. | |
| AMBER LYNN LANPHEAR | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted June 16, 2023**
Portland, Oregon

Before: RAWLINSON and TALLMAN, Circuit Judges, and RAKOFF, District Judge.***

In 2020, the appellant, Amber Lanphear, pled guilty to conspiracy to possess

with intent to distribute methamphetamine and possession of a firearm in furtherance

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

1

of a drug trafficking crime. That same year, she was sentenced to an aggregate term of 96 months in prison. Lanphear did not appeal this sentence or her conviction. However, in June 2021, she filed a 28 U.S.C. § 2255 motion claiming that ineffective assistance by her counsel undermined the voluntariness of her guilty plea and, separately, that her counsel coerced her into accepting a guilty plea deal. The district court denied this motion and declined to issue a certificate of appealability ("COA") with respect to it.

Two weeks later, Lanphear wrote a letter to the district court in which she requested to amend her § 2255 motion to supplement her coercion and ineffective assistance claims with additional facts. The district court treated this letter as a Rule 59(e) motion for reconsideration and, because Lanphear did not offer any newly discovered evidence or other grounds warranting reconsideration, denied it, too. This time, however, the district court issued Lanphear a COA with respect to the court's refusal to reconsider whether ineffective assistance by her counsel undermined the voluntariness of her guilty plea. After issuance of the COA, this appeal by Lanphear followed. The Government filed a motion to dismiss this appeal, arguing that the COA was improvidently granted. This motion, in turn, was denied without prejudice to the Government's renewing its arguments in its answering brief.

We have jurisdiction to hear Lanphear's appeal under 28 U.S.C. §§ 1291 and 2253. For the reasons stated below, we find that the district court's COA was

2

improvidently granted and, accordingly, dismiss the instant appeal.

A COA should issue with respect to a Rule 59(e) motion only where the applicant "has made a substantial showing of the denial of a constitutional right." *Cf.* 28 U.S.C. § 2253(c)(2). This standard, in turn, is satisfied *only if* "(1) jurists of reason would find it debatable whether the underlying § 2255 motion states a valid claim of the denial of a constitutional right" *and*—where the motion is denied on procedural grounds—"(2) jurists of reason would find it debatable whether the district court abused its discretion in denying the [reconsideration] motion." *United States v. Winkles*, 795 F.3d 1134, 1143 (9th Cir. 2015).[1] A COA as to a Rule 59(e) motion that is denied on procedural grounds *cannot* be granted unless both of these conditions are met.

Here, the district court misapplied this test. To begin with, Lanphear's Rule 59(e) motion was plainly dismissed on procedural grounds because the district court declined to reach the merits of her ineffective assistance of counsel claim. *Id.* As

---

[1] To be sure, *Winkles* was decided in the context of a denial of a Rule 60(b) motion, not a Rule 59(e) motion. 795 F.3d at 1135. However, its logic applies equally well to Rule 59(e) motions for reconsideration and, in fact, courts in this district have generally assumed that its standard applies to such motions. *See, e.g., Richardson v. Frazier*, No. 22-CV-1447 TWR (AHG), 2023 WL 2977295, at *2 (S.D. Cal. Apr. 17, 2023) ("To the extent Winkles applies to a Rule 59(e) motion to alter or amend judgment arising out of the dismissal of a § 2254 petition, the Court finds that Petitioner is not entitled to a certificate of appealability."); *Barger v. Director of Operations of CDCR*, No. 1:17-cv01067-AWI-SAB-HC, 2018 WL 806180 at *27 (E.D. Cal. Feb. 9, 2018).

such, a COA on this motion was appropriate only if the district court found that both of the prongs of the *Winkles* test were satisfied. That did not happen here. Despite concluding that it was "virtually certain" that courts would agree with its decision to deny the Rule 59(e) for lack of newly discovered evidence, the district court granted Lanphear a COA. The district court's judgment runs counter to Ninth Circuit precedent and, accordingly, we find that the COA was improvidently granted.

**APPEAL DISMISSED.**